[Crim. No. 994. Third Appellate District.—October 14, 1927.]

THE PEOPLE, Respondent, v. JOAQUIN GARZA, Appellant.

Herbert C. Coblentz and George Stahlman for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, Acting P. J.—This is an appeal by the defendant from a judgment of conviction of manslaughter under an information charging him with the crime of murder.

The defendant has filed herein a document designated as, and purporting to be, a brief. All that said document contains, so far as it relates in any way to the merits of the appeal, is the following: ''Appellant has not funds sufficient to enable him to employ attorneys to make an extensive analysis of the transcript on appeal, and all that the attorneys for appellant are doing on this appeal is done voluntarily and without compensation. In order to adequately present a brief in this case it would be necessary for appellant's attorneys to analyze the testimony and write a very extensive brief, as the entire transcript is the main basis of the appeal.''

The remainder of the ''brief'' is devoted entirely to a reply to the motion of the attorney-general to dismiss the appeal on the ground that the defendant, on taking the appeal, failed to comply with the requirements of section 1247 of the Penal Code in his application for a transcription of such testimony received and any other proceedings had at the trial as might be deemed necessary ''to fairly present the points relied upon'' for a reversal. Nor did the defendant, through his counsel, or otherwise, appear in court and offer or make an oral argument in support of the appeal, although the cause was placed upon the calendar of the October term of this court for hearing and decision, and counsel given due notice thereof by the clerk of this court.

Regardless of whether the motion of the attorney-general to dismiss is or is not tenable, it is clear that the judgment must be affirmed for failure on the part of the accused to file, or cause to be filed, a brief or to present an oral argument, pointing out the errors upon which he intended to base his demand for a reversal. Rule 5 of this court explicitly authorizes this course in cases in which the appellant or his counsel is guilty of such delinquency, and our courts of review have in many cases emphatically sanctioned the enforcement of the rule. This is so because,

as the cases have explained, the courts of appeal are not required to assume the labor which it is the duty of attorneys to perform in the presentation of appeals, by groping through the record in search of possible errors of sufficient gravity in their effect upon the rights of the party complaining on appeal to compel a reversal of the judgment or order or both. █ Moreover, the fact of the failure by a party taking an appeal to support the appeal by briefs or oral argument is to be taken as an abandonment of such appeal. █ The fact that a defendant in a criminal case who has taken an appeal from a judgment of conviction is without the necessary financial means to defray the expense incident to the preparation and the printing of briefs in support of his appeal does not change the rule requiring briefs to be filed in such cases or, in default thereof, suffer a dismissal of his appeal or an affirmance of the judgment or order from which the appeal is taken. In such case, if the record be small, or the evidence be brief, a review court might excuse the default and examine the record, but even then the court is not required to do so, but, as in any other case, may dismiss the appeal or affirm the judgment. In the instant case the record is quite voluminous, and we will not, therefore, without the aid of counsel for defendant, be considerate enough to wade through the record in search of errors which it is declared in general language are submerged therein. No motion to dismiss the appeal was made in this case, but the cause was submitted upon the record and the briefs on file. Rule 5 is sufficient authority, if, indeed, express authority is required in such a case, for affirming the judgment appealed from for the omission to file a brief or to present an oral argument in support of the appeal.

The judgment and the order are affirmed.

Plummer, J., and Weyand, J., *pro tem.*, concurred.